UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re:                                                            CHAPTER 11 (SubV)

                                                                                                 **Case No.**

**ROCKY'S CONSTRUCTION, INC**

Debtor.
-------------------------------------------------------x

### AFFIDAVIT PURSUANT TO LOCAL RULE 1007-4

State of New York
County of Richmond: Ss

Rakip Vrlaku, being duly sworn, deposes and says:

I am the President of the Debtor and make this Affidavit pursuant to Local Rule 1007-4 to provide relevant information regarding the Debtor's business.

    1.    The debtor is a "debtor" within the meaning of Bankruptcy Code § 1182(1) and is not a "single asset real estate debtor" within the meaning of Bankruptcy Code §101 (51B).

    2.    The debtor is in the business of masonry contracting and is also constructing a 10,000 square foot industrial building located at 317 Chelsea Road, Staten Island, New York.

    3.    The circumstances leading to the debtor's filing under chapter 11 are as follows. Some time ago, I discovered that on September 7, 2018 a default judgment had been entered against myself and Rocky's Construction Inc, in the Eastern District of New York in a case entitled *Francis et al v. Ideal Masonry, Inc. et al*, in the total amount of $653,276 plus pre-judgment interest, ,based upon claims of wrongful termination and discrimination.

4. Upon discovery of the problem I retained counsel who moved to vacate the default judgment. That motion was denied in the District Court and an appeal is presently pending at the 2nd Circuit. Since I was unable to post a bond, we have worked quickly to pursue the appeal, and had hoped that due to COVID-19 circumstances, Plaintiff's attorneys would hold off enforcement of their judgment until the Appeals court made a decision.

5. Throughout the proceedings, I have attempted in good faith, and to obtain closure, to resolve the matter, with no success. My appeals attorney has advised me that he believes that we have a strong position and will likely win the appeal.

6. Unfortunately, I have now received a notice that there will be a <u>Sheriff's sale of the company's real property on Wednesday February 10th</u>. I have therefore been advised to consult bankruptcy counsel, who has recommended that we file this Small Business Reorganization Case, under Subchapter V of Chapter 11.

7. This case was not originally commenced under chapter 7, 12 or 13.

8. My Attorney has advised me that no Creditors' Committee is required in Subchapter V, thus none has been formed.

9. The 20 largest general unsecured creditors (excluding insiders) are as follows:

**Peter Francis** back pay $282,551.29 plus pre-judgment interest
        $16,133.43 attorneys fees
        $298,684.72 disputed

Peter Francis
c/o Allen Bodner, Attorney at Law
45 Broadway
25th Floor
New York, NY 10006
212-344-5633
Fax: 212-742-2626
Email: abodner@cammebys.com

Peter Francis
c/o Corey M. Stein
Serrins & Associates LLC
233 Broadway
Suite 2340
New York, NY 10279
212-571-0700
Fax: 212-233-3801
Email: corey@serrinsfisher.com

Peter Francis
c/o Alan G. Serrins
Serrins Fisher LLP
233 Broadway, Suite 2340
New York, NY 10279
212-384-0202
Fax: 212-233-3801
Email: alan@serrinsfisher.com

**Michael George**   $354,591.89 plus pre-judgment interest
$ 16,133.43 attorneys fees
$370,724.72 disputed

Represented by the same three attorneys as Peter Francis.

**Ditta-Malito Construction Industries, Inc.**
$ 221,250.35
15 Lenzie Street
SI NY 10312
Contact: Gino Malito
Phone: (718) 531-8446
Email: dittamalito@gmail.com

**Perry's Brick Company Inc**
221 Arlington Ave
Staten Island NY 10303
Contact: Marissa Terranova
Phone (718) 448-5050

    10.    The debtor has no secured creditors.

11.    The Debtor's assets and liabilities are summarized as follows:

Assets

| | |
|---|---|
| Real Estate: 317 Chelsea Road, Staten Island | $575,000 |
| Equipment | 5,000 |
| Bank Account | 800 |
| TOTAL ASSETS | $580,800 |

Liabilities

Secured Creditors:   None

General Unsecured Creditors

| | |
|---|---|
| General Contractor: | $221,250.35 |
| Supplier | $ 10,500.00 |
| Disputed Judgment Francis | $298,684.72 |
| Disputed Judgment George | $370,724.72 |
| TOTAL LIABILITIES | $901,159.79 |

12.    None of the stock or securities of the debtor is publicly held.

13.    None of the debtor's property is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

14.    The debtor operates is business from 317 Chelsea Road, Staten Island, NY which is owned by debtor.

15.    The Debtor's significant assets are located at 317 Chelsea Road, Staten Island, NY.

16.    The debtor's books and records are located at 106 Janwich Drive, Morganville, NJ 07751.

17.    The debtor holds no assets outside the territorial limits of the United States.

18.    The nature and present status of each action or proceeding, pending or threatened, against the debtor or its property where a judgment against the debtor or a seizure of its property may be imminent is as follows:

*Francis et al v. Ideal Masonry, Inc. et al*
<u>USDC EDNY 1:16</u>-cv-02839-NGG-PK
Order Denying Defendants Motion to Vacate Default Judgment
Appealed to <u>2nd Circuit Court of Appeals</u> 2020-cv-04159 *Francis V. Ideal*
Civil Appeals Management Conference scheduled for **February 18, 2021** which will be handled by Debtor's existing Appellate counsel.

Absent posting of a bond pending appeal Plaintiffs are proceeding with enforcement, have delivered an Execution to the Sheriff of the City of New York, and an auction sale is scheduled for **Wednesday February 10th**.
NYC Sheriff
350 St Marks Place, Suite 409
Dennis Alestra Auctioneer
Deputy Sheriff Christina Pecora
Sheriff's case no 19020467
(718) 815-8407
(718) 815-8408

19. The names of the debtor's existing senior management, their tenure with the debtor, and a summary of their relevant responsibilities and experience is as follows: Rakip Vrlaku, President and chief operating officer, sole shareholder since formation in 1997.

20. The estimated amount of the weekly payroll to employees (exclusive of officers, directors, stockholders, partners and members) for the 30-day period following the filing of the chapter 11 petition: None

21. The amount paid and proposed to be paid for services to officers for the 30-day period following the filing of the chapter 11 petition: None

22.     Sole officer and director before and after filing: Rakip Vrlaku.

23.     Projected cash receipts and disbursements for 30 days post petition: None

24.     Projected 30 day post petition gain or loss: None

25.     Accruing obligations: None at present time until construction recommences in the spring.

26. Other relevant information:

   a. Appellant's counsel has requested April 22, 2021 as deadline for filing his brief.

   b. Construction on the building at Chelsea Street has suspended for the winter

   c. The debtor intends to prosecute its pending appeal as quickly as possible.
      i. If the 2nd Circuit dismisses the case, no money will be owed to the disputed creditors.
      ii. In the event the 2nd Circuit reverses, grants to motion to vacate the default judgment, remands for trial, and the debtor thereafter loses the trial, then any fixed liability can be paid through a confirmed Subchapter V Plan.
      iii. In the event a settlement is negotiated with the assistance of the Subchapter V Trustee, the payments could be paid pursuant to a confirmed Plan of Reorganization.

_____
Rakip Vrlaku

Sworn to before me
this 8 day of February, 2021

_____
Notary Public

PAUL HOLLENDER
Notary Public, State of New York
No. 43.4672847
Qualified in Richmond County
Commission Expires March 28, 19__
2/28/23